IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JANET CAPRON, as the personal representative
of the Estate of JILL S. CAPRON, deceased, a/a/o
Carlton Towers Partners, LLC,

       Plaintiff,

Case No. 090196031 ⌖ 020

v.

Division:

STEADFAST INSURANCE COMPANY,

       Defendant.

_____/

## COMPLAINT

Plaintiff JANET CAPRON, as the personal representative of the Estate of Jill S. Capron, deceased, as assignee of Carlton Towers Partners, LLC, ("Capron") sues Defendant Steadfast Insurance Company ("Steadfast") and states:

### Jurisdiction, Parties and Venue

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000).

2.    Capron is the personal representative of the estate of Jill S. Capron, deceased.

3.    At all material times, Carlton Towers Partners, LLC ("Carlton Towers") was a Florida limited liability company, engaged in the business of real estate development, including, but not limited to, the development of condominiums, with its principal address at 470 Third Street South, St. Petersburg, Florida 33701.

4.    Steadfast is a Delaware corporation doing business in Florida with its administrative offices at 1400 American Lane, Schaumburg, Illinois, 60196-1056.

5.    Steadfast is registered with the State of Florida and authorized to do business in Florida as a Surplus Lines Property and Casualty Insurer.

6.    Steadfast is subject to Florida insurance laws.

7.    Venue is proper in Pinellas County, Florida because the cause of action set forth below accrued in Pinellas County, Florida.

### General Allegations

8.    Carlton Towers was the developer of a condominium building known as The Beacon on Third Street located at 407 3rd Street South, St. Petersburg, Pinellas County, Florida (the "Beacon Condominium").

9.    Carlton Towers is an insured under a policy of insurance issued by Steadfast, policy number SCO587509801, which is attached hereto as Exhibit A (the "Policy").

10.    The Policy was in full force and effect from August 30, 2004 through August 30, 2005 (the "Policy Period").

11.    The Policy applies to bodily injury and property damage caused by occurrences that take place in the coverage territory during the Policy Period.

12.    The Policy provides that Steadfast "will pay those sums that the insured becomes legally obligated to pay as 'damages' because of 'bodily injury' and 'property damage' to which this insurance applies. [Steadfast] will have the right and duty to defend the insured against any 'suit' seeking those 'damages'."

13.    Jill S. Capron was a resident of the Beacon Condominium.

14.    On or about August 17, 2005, Jill S. Capron died as a result of the negligence of Carlton Towers.

15.    Capron, as personal representative of the estate of Jill S. Capron, sued Carlton Towers for damages arising from the death of Jill S. Capron in the Circuit Court in and for Pinellas County (the "Lawsuit") alleging claims against Carlton Towers (the "Claims").

16. Carlton Towers timely notified Steadfast of the Claims and demanded that Steadfast defend Carlton Towers in Lawsuit.

17. Steadfast, through its agent Zurich American Insurance Company, denied coverage for the Claims and refused to defend Carlton Towers.

18. On or about August 6, 2009, Capron obtained a Final Judgment against Carlton Towers in the amount of $1,000,000 (the "Judgment").

19. Carlton Towers has assigned all of its rights, title, benefits and interest in and to the Policy to Capron. Further, Carlton Towers has assigned all of rights, claims, causes of action and suits that Carlton Towers has or may have against Steadfast, including the claims brought against Steadfast in this action, to Capron.

20. All conditions precedent to the maintenance of this action have occurred, have been performed, or have been waived.

21. Capron has retained the undersigned law firm and is obligated to pay such firm a reasonable fee for its services.

## BREACH OF CONTRACT

22. This is an action for damages against Steadfast for breach of the Policy.

23. Capron incorporates herein and realleges by reference paragraphs 1 through 21 above as if fully incorporated herein.

24. Pursuant to the Policy, Steadfast had the duty to defend Carlton Towers in the Lawsuit.

25. In addition, Steadfast has the obligation to indemnify Carlton Towers for the Judgment.

26. Despite demands, Steadfast failed to defend and indemnify Carlton Towers.

27. Steadfast breached the Policy.

28. As a result of Steadfast's breach, Carlton Towers has suffered damages.

WHEREFORE, Capron demands judgment for damages against Steadfast, plus interest, attorneys' fees and costs pursuant to section 627.428, Florida Statutes, the costs of this action, and any other relief this Court deems appropriate. Capron demands a trial by jury on all issues so triable by a jury.

Respectfully Submitted,

Richard A. Gilbert, Esq.,
Florida Bar No. 180600
Daniel J. McBreen, Esq.,
Florida Bar No. 0580007
de la PARTE & GILBERT, P.A.
P.O. Box 2350
Tampa, FL 33601-2350
Telephone: (813) 229-2775
Facsimile: (813) 229-2712
    And
David D. Dickey, Esq.,
Florida Bar No. 949019
The Yerrid Law Firm
Bank of America Plaza
101 E. Kennedy Blvd., Suite 3910
Tampa, FL 33602-5192
Telephone: (813) 222-8222
Facsimile: (813) 222-8224
Attorneys for Plaintiff

#203350 v2