IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET CAPRON, as the personal
representative of the Estate of JILL S.
CAPRON, deceased, a/a/o Carlton
Towers Partners, LLC,

    Plaintiff,                               CASE NO: 8:09-cv-2506-T23 AEP

vs.

STEADFAST INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS
## AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW the Defendant, STEADFAST INSURANCE COMPANY ("Steadfast"), by and through its undersigned attorneys, and files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and would state:

    1.    This is an action for breach of an insurance policy which was originally filed in state court, and removed to this Court on the basis of diversity jurisdiction.

    2.    The contract sued upon is attached to the Complaint as Exhibit "A." It is a Commercial General Liability policy, which names ARM Properties of Austin, Texas as an insured.

    3.    The Complaint alleges that Carlton Towers Partners, LLC, ("Carlton Towers") was the developer of a condominium located in St. Petersburg, Florida. (Complaint, ¶ 8). The Complaint further alleges that Jill S. Capron was a resident of the condominium, and that she died as a result of the negligence of Carlton Towers. (Complaint, ¶ 13-14). It is

then alleged that the Estate of Jill S. Capron sued Carlton Towers, which resulted in a judgment. (Complaint, ¶ 15, 18). Finally, the Complaint alleges that Steadfast breached the policy by failing to defend and indemnify Carlton Towers, in the suit brought by Capron. (Complaint, ¶ 24-27).

4. The Complaint does not contain any factual allegations concerning the alleged actions of Carlton Towers which allegedly caused the death of Jill S. Capron. The Complaint also does not attach a copy of the Capron suit brought against Carlton Towers. The duty to defend under a liability insurance policy is governed by the allegations of the underlying complaint. Without the complaint in the Capron suit, it is impossible to determine whether that claim was covered by the policy. Thus, the instant Complaint fails to state a cause of action for breach of the policy against Steadfast.

5. The complaint in the Capron suit is a matter of public record, is attached hereto as Exhibit "1," and is the subject of a Request for Judicial Notice filed contemporaneously herewith. An examination of the Capron complaint reveals that Jill S. Capron died as a result of exposure to carbon monoxide from a water heater in the condominium building. The policy attached to the instant Complaint contains a Total Pollution Exclusion which excludes from coverage:

> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
> . . .
>
> Pollutants means any solid, liquid, gaseous or thermal irritant, or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Because carbon monoxide is considered a pollutant under applicable law, this exclusion applies and no coverage existed for the claim against Carlton Towers. Admiral Ins. Co. v. Feit Management, 321 F.3d 1326 (11th Cir. 2003); Nautilus Ins. Co. v. Country Oaks Apartments, Ltd., 556 F.Supp.2d 611 (W.D. Tex. 2008). Thus, Steadfast never owed a duty to defend or indemnify Carlton Towers, and the Complaint does not, and cannot, state a cause of action against Steadfast.

6. In addition, the Complaint fails to contain allegations which would make Carlton Towers an insured under the policy. The policy lists ARM Properties as the named insured. There is an Additional Insured endorsement, which contains a Schedule listing "Owners of Properties managed by Named Insured." The Complaint does no allege that Carlton Towers was the owner of a property managed by ARM Properties. In order to state a cause of action for breach of an insurance policy, the complaint must allege facts which make the plaintiff an insured under the policy. Thus, the Complaint fails to state a cause of action for breach of the policy.

WHEREFORE, the Defendant would request that this Court enter an order dismissing the Plaintiff's Complaint.

## MEMORANDUM OF LAW

This is a diversity action for breach of a liability insurance policy. The Complaint attaches, as Exhibit "A," the insurance contract sued upon. The contract is a Commercial General Liability policy issued by the Defendant, Steadfast Insurance Company ("Steadfast"), which names ARM Properties of Austin, Texas as an insured. The Complaint alleges that during the policy period, Jill S. Capron died as a result of the negligence of a condominium developer identified as Carlton Towers Properties, LLC ("Carlton Towers").

The Complaint alleges that the Estate of Capron sued Carlton Towers, and recovered a judgment. The Complaint further alleges that Steadfast breached the policy by failing to defend and indemnify Carlton Towers. Notably, the Complaint contains no allegations concerning the nature of the incident which led to the death of Jill S. Capron, no allegations concerning the nature of the lawsuit brought by Capron against Carlton Towers, and no factual allegations which would make Carlton Towers an insured under the policy issued to ARM Properties. For these reasons, the Complaint fails to state a cause of action upon which relief can be granted.

More importantly, if the actual complaint filed by Capron against Carlton Towers is examined, it is clear that the loss was caused by exposure to carbon monoxide. Such a loss is excluded from coverage under the Total Pollution Exclusion contained in the policy. Accordingly, Steadfast never owed a duty to defend or indemnify Carlton Towers as a matter of law, and the Complaint fails to state a cause of action upon which relief can be granted.

I.   **MOTION TO DISMISS STANDARD**

Recently, the United States Supreme Court clarified the pleading standard necessary to survive a motion to dismiss under Rule 12(b)(6). In Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the Court held that:

> a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555. It is not sufficient to allege mere elements of a cause of action; instead, "a complaint must allege facts suggestive of [the proscribed] conduct. Id. at 553. The

Court reinforced Twombly in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1949 (2009), where it held that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1950.  Furthermore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. Such a complaint is subject to dismissal.  Id.

As will be discussed below, the instant Complaint is deficient in factual allegations. It fails to allege any facts concerning the loss for which the plaintiff claims coverage, and thus fails to allege the existence of a covered loss in order to prove the policy was breached.  The Complaint fails to allege facts which support the conclusory allegation that Cartlon was an insured under the policy.  Applying the standard announced in Twombly and Iqbal, the instant Complaint fails to show that the plaintiff is entitled to relief.

More significantly, however, the Amended Complaint filed in the suit brought by Capron against Carlton Towers demonstrates that Capron's death was caused by the accumulation of carbon monoxide in her apartment, and such a loss is unambiguously excluded from coverage under the Total Pollution Exclusion contained within the policy. The Amended Complaint is a matter of public record, and the Court may consider matters of public record in ruling on a Motion to Dismiss.  Spechler v. Tobin, 591 F.Supp.2d 1350, 1357 (S.D.Fla. 2008); Bryant v. Avado Brands, Inc., 187 F.3d 1271 1279-1280 (11th Cir.1999).  A Motion for Judicial Notice concerning the Amended Complaint has been filed contemporaneously with this Motion.

## II. THE COMPLAINT FAILS TO ALLEGE FACTS CONCERNING THE ALLEGEDLY COVERED LOSS

The Complaint is completely devoid of any facts describing how Jill S. Capron died, other than the conclusory allegation in paragraph 14 that she "died as a result of the negligence of Carlton Towers." This threadbare allegation is insufficient to state a claim against Steadfast because it fails to establish essential facts which would support a claim for breach of the policy. First, it should be obvious that one of the elements of a claim for breach of an insurance policy is that the loss is covered by the policy. Miami Jockey Club v. Union Assur. Soc., 82 F.2d 588 (5th Cir. 1936).[1] The Complaint in this case merely alleges that Carlton Towers was negligent in causing the death of Jill S. Capron. The insuring agreement contained in the policy states that it applies to bodily injury "only if (1) the 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory.'" The policy then defines "occurrence" as "an accident." The policy also contains numerous exclusions to this coverage. While an allegation of "negligence" *may* be covered as a non-excluded "occurrence" under the policy, it cannot be said that it *is* covered. There are too many variables which exist that may or may not be covered under the policy. The Complaint, as plead, might show the *possibility* of recovery, but it does not show that recovery is *plausible* as required by Twombly and Iqbal.

Furthermore, the Complaint alleges a breach of the duty to defend under the policy. Under Florida law, whether the duty to defend is breached or not is determined by an examination of the complaint filed in the underlying claim (the Estate of Capron's suit

---

[1] The law is the same in Texas, where the policy was issued. Employers Cas. Co. v. Block, 744 S.W.2d 940, 944 (Tex.1988), *overruled on other grounds*, State Farm Fire & Cas. Co. v. Gandy, 925 S.W.2d 696 (Tex.1996).

against Carlton Towers). XL Specialty Ins. Co. v. Skystream, Inc., 943 So.2d 848, 849 (Fla. 3d DCA 2006).[2]  Because there are no allegations in the Complaint concerning what was alleged in the underlying suit against Carlton Towers, no facts have been plead which give rise to a duty to defend.  Without a duty, there can be no breach.  Accordingly, the Complaint fails to state a cause of action and should be dismissed.

### III.  AN EXAMINATION OF THE UNDERLYING SUIT AGAINST CARLTON TOWERS REVEALS THAT THERE IS NO COVERAGE AS A MATTER OF LAW.

If the actual allegations of the Capron suit against Carlton Towers are examined, it is clear that the loss was not covered due to the application of the Total Pollution Exclusion.  If the loss is not covered, there can be not duty to defend or indemnify.  The allegations of the Amended Complaint filed by Capron against Carlton Towers are a matter of public record, and Steadfast has requested that this Court take judicial notice of that pleading.  A court may consider, on a motion to dismiss, documents referenced in the complaint and over which it takes judicial notice. Spechler v. Tobin, 591 F.Supp.2d 1350, 1357 (S.D.Fla. 2008); Bryant v. Avado Brands, Inc., 187 F.3d 1271 1279-1280 (11th Cir.1999).

An examination of the attached Amended Complaint (attached hereto as Exhibit "1") reveals that the allegation against Carlton Towers was that Jill S. Capron died as a result of carbon monoxide poisoning emanating from a water heater.  The policy, however, contains a Total Pollution Exclusion which excludes from coverage:

---

[2]The law is the same in Texas, where the policy was issued. KLN Steel Products Co., Ltd. v. CNA Ins. Companies, 278 S.W.3d 429, 434 (Tex.App.San.Antonio 2008)

> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.
>
> . . .
>
> Pollutants means any solid, liquid, gaseous or thermal irritant, or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.[3]

As will be discussed below, carbon monoxide is a "pollutant" as contemplated by the policy, and it accumulated by "discharge, dispersal, seepage, migration, release or escape" from the water heater through the ventilation and flue system into Jill S. Capron's condominium unit. Accordingly, the exclusion applies, and there was never a duty to defend or indemnify Carlton Towers.

### A.     Application of Texas or Florida Law

In this case, the insurance policy was issued in Texas, but the death of Jill S. Capron occurred in Florida. Thus, an issue exists as to whether Texas or Florida law applies. As a diversity case, this Court is obligated to apply the law of the forum state. This includes conflict of law rules. LaFarge Corp. v. Travelers Indem. Co., 118 F.3d 1511, 1515 (11th Cir.1997). Thus, the conflict of law issue will be resolved by applying Florida conflict of law rules.

Florida law is well established that the rule of *lex locus contractus* applies to the interpretation of insurance policies. State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d

---

[3] A document attached to a Complaint is considered part of the pleading, and is properly considered on a Motion to Dismiss. Fed R. Civ. P. 10; Auto-Owners Ins. Co. v. Ace Elec. Service, Inc., 648 F.Supp.2d 1371, 1375 (M.D.Fla. 2009).

1160, 1163-64 (Fla. 2006).[4] The law is clear, then, that the law of the state where the policy was issued controls. An examination of the policy attached to the Complaint reveals that it was issued to ARM Properties at a Texas address, and that it contains a Policyholder Notice - State of Texas (which is the only state-specific endorsement on the policy). Accordingly, Texas law applies. As will be discussed below, however, even if Florida law applies, the Total Pollution Exclusion defeats the Plaintiff's claim in this case.

### B.   Under Texas Law, Carbon Monoxide is a Pollutant

Texas law has long held that Total Pollution Exclusions such as the one in this case are clear and unambiguous, and enforceable. Noble Energy, Inc. v. Bituminous Casualty Co., 529 F.3d 642, 646 (5th Cir. 2008). Further, a Texas court has specifically held carbon monoxide to be a "pollutant" as contemplated by a pollution exclusion. Nautilus Ins. Co. v. Country Oaks Apartments, Ltd., 556 F.Supp.2d 611 (W.D. Tex. 2008).

In Nautilus, the plaintiff claimed that the owner of her apartment building covered a vent designed to release carbon monoxide from her furnace. Id. at 612. As a result, high concentrations of carbon monoxide built up in her apartment, causing permanent and disabling injuries to the claimant's then unborn child. Id. In denying coverage for the apartment owner, the insurer relied upon a pollution exclusion similar to the one in this case. Id. at 612-13. The court found that the pollution exclusion did apply, and found that carbon monoxide was a pollutant under the policy. Id. at 616. In so finding, the court noted that the pollution exclusion was unambiguous, and that it excluded bodily injury

---

[4]Roach did recognize a public policy exception to the *lex locus contractus* rule, however that rule is not applicable here because, as discussed below, Florida law does not differ from Texas law, and thus there is no public policy conflict to consider.

arising from *any* gaseous irritant or contaminant, regardless of whether the substance was harmless in lower concentrations or not.[5]  Id.

The same conclusion must be reached on the facts of this case.  As alleged in the underlying complaint, a hot water heater in the condominium building malfunctioned and emitted high levels of carbon monoxide gas that was vented into the chimney flue. (Capron complaint, ¶ 17).  The carbon monoxide traveled through the chimney flue into Capron's apartment, accumulating in dangerously high concentrations and causing her death.  (Capron complaint, ¶¶ 19-20).  These facts are functionally indistinguishable from the Nautilus case.  In both cases, it is alleged that the negligence of the defendant in conducting repairs on an apartment building caused carbon monoxide to leak into the apartment to the point of causing serious injury.  Because the Nautilus court found, under identical facts, that the pollution exclusion applies, this Court should find that there is no coverage due to the pollution exclusion in this case.

### C. Under Florida Law, Carbon Monoxide is a Pollutant

Like Texas, Florida courts have found that pollution exclusions are unambiguous and enforceable.[6]  Deni Associates of Florida, Inc. v. State Farm Fire & Casualty Ins. Co.,

---

[5]Many other courts have also found that carbon monoxide is a pollutant under the pollution exclusion, barring claims for injury caused by carbon monoxide. *See, eg.*, Assicurazioni Generali, S.P.A. v. Neil, 160 F.3d 997 (4th Cir. 1998) (applying Maryland law); Essex Ins. Co. v. Tri-Town Corp., 863 F.Supp. 38 (D. Mass. 1994); Longaberger Co. v. U.S. Fidelity & Guar. Co., 31 F. Supp. 2d 595 (S.D. Ohio 1998), Reed v. Auto-Owners Ins. Co., 284 Ga. 286, 667 S.E.2d 90 (2008); Bituminous Cas. Corp. v. Sand Livestock Systems, Inc., 728 N.W.2d 216 (Iowa 2007); Leo Haus, Inc. v. Selective Ins., 353 N.J. Super. 67, 801 A.2d 419 (App. Div. 2002); Matcon Diamond, Inc. v. Penn Nat. Ins. Co., 2003 PA Super 22, 815 A.2d 1109 (Pa. Super. Ct. 2003).

[6]The only difference between Florida and Texas law relevant to this issue is that Florida has rejected the doctrine of "reasonable expectations." Deni at 1140.  Although

711 So.2d 1135, 1138 (Fla. 1998). In so finding, the Florida Supreme Court found that the exclusion applies broadly to more than environmental or industrial pollution. Id. The Court also noted that the terms "irritant" and "contaminant" are unambiguous, and mean "a substance that produces a particular effect, not one that generally or probably causes such effects." Id. at 1139. Applying this definition, carbon monoxide would be considered a pollutant because, in high enough concentrations, it can cause injury or death.

Applying Florida law to facts nearly identical to the instant case, the Eleventh Circuit found that a claim for death caused by carbon monoxide leaked into an apartment was excluded under the pollution exclusion. Admiral Ins. Co. v. Feit Management, 321 F.3d 1326 (11th Cir. 2003). In that case, an improperly vented water heater released carbon monoxide into residents' apartments through the heating and air conditioning system. Id. at 1327. The Court found that

> The policy excludes coverage for injuries or property damage arising out of the "discharge, dispersal, seepage, migration, release or escape of pollutants," unless these pollutants are from equipment used to heat the building. Since the pollutants in this case were discharged, dispersed, released or escaped from the hot water heater, which all agree is not used to heat the building, the exception does not apply and coverage is excluded for the resulting injuries.

The only seriously contested issue in Admiral was the applicability of an exception to the exclusion where the pollutant arises "from equipment used to heat [the] building." Id. at

---

Texas has adopted the doctrine, it is not applicable unless the policy is ambiguous. Noble Energy, 529 F.3d at 648, citing Constitution State Ins. Co. v. Iso-Tex, Inc., 61 F.3d 405, 410 n.4 (5th Cir. 1995). Because the pollution exclusion is unambiguous under Texas law, the doctrine does not apply to pollution exclusions in Texas. Id. Thus, as applied, there is no difference between Florida and Texas law with respect to the applicability and enforcement of pollution exclusions.

1328. No such exception exists in the instant case.[7] If the claim in <u>Admiral</u> was excluded under a pollution exclusion even with an exception for pollution from the heating system, then undoubtedly the claim in the instant case would be excluded without such an exception.

Also worth noting is the case of <u>West American Ins. Co. v. Band & Desenberg</u>, 925 F.Supp. 758 (M.D. Fla. 1996), in which this Court found that a pollution exclusion excluded coverage for claims arising from "sick building syndrome."  In determining that the exclusion was unambiguous and applied to the dispersal of pollutants within a building, the court cited with approval the case of <u>Essex Ins. Co. v. Tri-Town Corp.</u>, 863 F.Supp. 38 (D. Mass. 1994).  <u>Essex</u> applied the pollution exclusion to bar coverage for claims arising from the accumulation of carbon monoxide inside an ice skating rink.  This Court's previous citation of a carbon monoxide case is further evidence that, consistent with <u>Admiral</u>, Florida law recognizes that claims for carbon monoxide poisoning are excluded under the pollution exclusion at issue in this case.

### D. Because the Pollution Exclusion Applies, the Plaintiff Cannot State a Cause of Action for Breach of the Policy.

Whether Texas or Florida law is applied, the pollution exclusion bars coverage in this case for the claim asserted by Capron against Carlton Towers.  Because no coverage existed under the policy, Steadfast had no duty to defend or indemnify Carlton Towers for the claims brought by Capron.  Accordingly, no cause of action can be stated against Steadfast for breach of the policy in any sense.

---

[7]There is an exception in the Steadfast policy for pollutants arising from a "hostile fire," however there is no allegation or evidence of a fire in this case.  The carbon monoxide originated from a water heater, exactly as in <u>Admiral</u>.

## IV. THE COMPLAINT FAILS TO ALLEGE FACTS SUPPORTING THE ALLEGATION THAT CARLTON TOWERS IS AN INSURED UNDER THE POLICY

The named insured in the policy attached as Exhibit "A" to the Complaint is ARM Properties, not Carlton Towers. While the Complaint does contain the conclusory allegation that Carlton Towers is an insured (Complaint, ¶ 9), it contains no factual allegations which would make Carlton Towers an insured. This does not meet the Twombly standard.

The policy does contain an additional insured endorsement, however that endorsement contains a Schedule which lists as additional insureds the owners of properties managed by the Named Insured (ARM Properties). The Complaint does not allege that Carlton Towers is the owner of a property managed by ARM Properties (it alleges Carlton Towers was the developer of a property, the location of which is listed in the policy). Thus, because the Complaint fails to allege sufficient facts to make Carlton Towers an insured under the policy, it fails to allege an essential element of the claim and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint fails to state a claim for relief against Steadfast. The facts of the underlying claim indicate that the unfortunate death of Jill S. Capron was caused by carbon monoxide poisoning, and that such a loss is clearly excluded under the Total Pollution Exclusion contained in the policy. The Plaintiff's failure to allege the facts surrounding the loss in the instant Complaint is unavailing - either the Complaint is impermissibly vague as plead, or it should be dismissed upon consideration

of the actual allegations of the underlying complaint submitted for judicial notice.  In either event, the Defendant's Motion to Dismiss should be granted.

                BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

                s/ David B. Krouk, Esq.
                DAVID B. KROUK, ESQ.
                Florida Bar No.:  0949840
                777 S. Harbour Island Boulevard
                Suite 500
                Tampa, Florida  33602
                Telephone:   (813) 281-1900
                Facsimile:    (813) 281-0900
                dkrouk@butlerpappas.com
                Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I certify that on <u>December 18, 2009</u>, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Richard A. Gilbert, Esq.
de la Parte & Gilbert, P.A.
Post Office Box 2350
Tampa, FL  33601

David D. Dickey, Esq.
The Yerrid Law Firm
101 E. Kennedy Blvd., Suite 3910
Tampa, FL  33602-5192

    s/ David B. Krouk, Esq.
DAVID B. KROUK, ESQ.
Florida Bar No.:  0949840
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida  33602
Telephone:   (813) 281-1900
Facsimile:   (813) 281-0900
dkrouk@butlerpappas.com
Attorneys for Defendant