UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET CAPRON,

    Plaintiff,

v.                                                              CASE NO. 8:09-cv-2506-T-23-AEP

STEADFAST INSURANCE COMPANY,

    Defendant.
_____/

## O R D E R

The plaintiff sues Steadfast Insurance Company ("Steadfast") for breach of an insurance policy. Steadfast moves (Doc. 3) to dismiss, and a January 15, 2010, order (Doc. 13) refers the motion to the magistrate judge for a report and recommendation. Following the magistrate judge's March 19, 2010, report (Doc. 19), Steadfast objects (Doc. 21) and the plaintiff responds (Doc. 22) in opposition. At an April 29, 2010, hearing, each party argued the merits of the objection.

The underlying complaint (Doc. 3-2) in state court alleges that Jill Capron died from inhalation of carbon monoxide that leaked into her apartment allegedly from the building's chimney flue, which adjoins Capron's apartment on the eighth floor of the building. The complaint contains the following allegations relevant to the "total pollution exclusion" and the "hostile fire exception" of the pertinent insurance policy:

> 16. On June 5, 2005, a Freon gas leak occurred in the mechanical room [of the building] to which St. Peterburg Fire and Rescue personnel responded and ventilated the room. . . .
>
> 17. The Freon gas leak in the equipment room damaged the hot water boiler causing it to malfunction and emit dangerously high levels and

> concentrations of carbon monoxide gas that were vented into the chimney flue.
>
> 18. [The defendant] failed to properly inspect and maintain the mechanical equipment, including, but not limited to, the hot water boiler after the Freon leak and otherwise failed to detect the malfunctioning hot water boiler and the omission of dangerously high levels of carbon monoxide gas.
>
> 19. As a direct and proximate result of the malfunctioning hot water boiler and the openings in the chimney flue, dangerously high levels of concentrations [of] carbon monoxide gas were vented into Ms. Jill Capron's home. . . .

(Doc. 3-2 at 4)

The magistrate judge correctly concluded that Texas law governs the interpretation of the insurance policy and that the underlying complaint in state court asserts a wrongful death claim falling within the policy's "total pollution exclusion." However, the magistrate judge also found that "the reasonable inferences drawn from the alleged facts lead the Court to conclude that the hostile fire exception to the Total Pollution Exclusion could apply." (Doc. 19 at 16) Objecting to the report and recommendation, Steadfast asserts that the magistrate judge:

> 'imagined a factual scenario' which involves a flame inside the water heater (which is not even alleged to exist in the underlying complaint) becoming uncontrollable or escaping from its intended location and causing the carbon monoxide buildup. This is beyond the permissible scope of liberal interpretation applied in construing the duty to defend under a liability policy.

(Doc. 21 at 7)

Although facts are imaginable in which the "hostile fire exception" could apply, neither the complaint in this case nor the complaint in state court mentions a fire, and neither document supports an inference that the unmentioned fire became "uncontrollable or [broke] out from where it was intended to be." (Doc. 2-1 at 33) The plaintiff alleges neither a report of any fire in the mechanical room nor any fire damage

- 2 -

to the water boiler or mechanical room. The only allegation supporting the existence of a fire is the accumulation of carbon monoxide. Neither complaint alerts Steadfast, which must decide whether to defend an action based solely on the underlying complaint and the insurance policy, of the potential applicability of the "hostile fire exception." Accordingly, Steadfast's objection (Doc. 21) is **SUSTAINED**, Steadfast's motion to dismiss (Doc. 3) is **GRANTED**, and the complaint (Doc. 2) is **DISMISSED**.

On or before **Monday, May 10, 2010**, the plaintiff may submit an amended complaint that alleges any additional fact (1) "chargeable" to Steadfast at the time Steadfast declined to defend and (2) supporting the applicability of the "hostile fire exception." If amended, the complaint should plead in separate counts the claim for failure to defend and the claim for failure to indemnify; distinct facts and circumstances and a distinct damage computation arise in each claim. See Rule 10(b), Federal Rules of Civil Procedure ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."). Failure to amend the complaint will result in dismissal of this action without further notice.

ORDERED in Tampa, Florida, on April 29, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE